573 A.2d 32

Coleen M. SWEENEY

v.

The HARTZ MOUNTAIN CORPORATION.

No. 51, Sept. Term, 1989.

Court of Appeals of Maryland.

May 7, 1990.

Glen M. Fallin, Ellicott City, for petitioner.

Steven R. Kuney (Aubrey M. Daniel, III, Michael S. Sundermeyer, Williams & Connolly, all on brief), Washington, D.C., for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

PER CURIAM.

Our decision in this case involving alleged employment discrimination is controlled by two recent opinions, *Yellow Freight System, Inc. v. Colleen Donnelly,* — U.S. —, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990), and *McCrory Corp. v. Fowler,* 319 Md. 12, 570 A.2d 834 (1990).

The plaintiff, Coleen M. Sweeney, had been employed by the defendant, The Hartz Mountain Corporation, as Assistant Warehouse Manager at Hartz Mountain's facility in Howard County, Maryland. She was discharged from her employment allegedly because of her sex and race.

Sweeney then filed a claim with the federal Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* alleging that she had been discriminated against in violation of that statute. Thereafter the EEOC issued to her a "Notice of Right to Sue."

Next Sweeney instituted the present action by filing a complaint against Hartz Mountain in the Circuit Court for Howard County. Count I of the complaint set forth a cause of action under Title VII of the federal Civil Rights Act of

1964. Count II was an employment discrimination action under Subtitle 2, §§ 12.200 through 12.217, of the Howard County Code.

Sections 12.200 through 12.217 of the Howard County Code represent a locally enacted legislative scheme to combat discrimination. The provisions, *inter alia*, establish the Human Rights Commission as an administrative agency to receive complaints of discrimination, hold hearings, render decisions, and grant relief. In addition, § 12.217 provides as follows:

"Sec. 12.217. Nonexclusive remedy.

"I. *Rights:* The provisions of this subtitle vest in all persons in Howard County the right to be free of any practices prohibited by this subtitle.

"II. *Action at Law:* Any person who is aggrieved by an act prohibited by this subtitle may bring an action in law or in equity in the Circuit Court for Howard County to seek damages, including counsel fees, redress of injury or injunctive relief arising out of any such prohibited act.

"III. *Action at Law Plus Remedies of This Subtitle:* The action in the Circuit Court for Howard County shall be in addition to pursuing the procedures and seeking the remedies set forth in this subtitle."

Count II of Sweeney's complaint in the present case was specifically grounded on § 12.217.

In Count I of her complaint, under Title VII, Sweeney sought $50,000.00 "in backpay and frontpay." In Count II, based on § 12.217 of the Howard County Code, Sweeney asked for $100,000.00 "in compensatory damages, including backpay and frontpay," plus $1,000.00 in punitive damages.

The Circuit Court for Howard county granted Hartz Mountain's motion to dismiss Sweeney's complaint. The circuit court, in an extensive opinion, held that Count I should be dismissed because the federal district courts had exclusive jurisdiction over Title VII actions. The circuit court held that Count II should be dismissed because, under the Howard County Code, the Human Rights Commission

had primary jurisdiction over Sweeney's claim. The court was of the view that Sweeney was required to invoke and exhaust her administrative remedy under the Howard County Code before pursuing her "concurrent" judicial remedy under § 12.217.

The Court of Special Appeals agreed with the holdings of the circuit court and affirmed. *Sweeney v. Hartz Mountain Corp.*, 78 Md.App. 79, 552 A.2d 912 (1989). Thereafter we granted Sweeney's petition for a writ of certiorari.

In addition to the issues resolved by the courts below, both sides in this Court recognized that the case presented a third issue which was pending before this Court in another case, *McCrory Corp. v. Fowler, supra.* That issue concerned the validity, under Art. XI–A of the Maryland Constitution, of a locally enacted provision substantially identical to § 12.217 of the Howard County Code. Both Sweeney and Hartz Mountain agreed that, if we were to hold in *McCrory Corp. v. Fowler* that a charter county lacks the authority under Art. XI–A of the Maryland Constitution to enact a provision like § 12.217, the dismissal of Count II of the complaint should be affirmed on this ground.

With regard to Count I of Sweeney's complaint, it is now apparent that the circuit court and the Court of Special Appeals erred in holding that federal courts had exclusive jurisdiction over Title VII actions. On April 17, 1990, in *Yellow Freight System, Inc. v. Colleen Donnelly, supra,* the Supreme Court of the United States unanimously held that state courts had concurrent jurisdiction to adjudicate Title VII claims. Consequently, the circuit court's dismissal of Count I for lack of jurisdiction must be reversed. We shall order that the case be remanded to the circuit court for further proceedings on Count I.

As to Count II, we believe that the circuit court and the Court of Special Appeals also erred in holding that, under the Howard County Code, the Human Rights Commission had primary jurisdiction over Sweeney's claim. The Howard County Council, in the same ordinance establishing

an administrative remedy for discrimination, also enacted a "nonexclusive remedy" section authorizing an independent action in law or equity in the Circuit Court for Howard County. The County Council, in § 12.217 III stated that the circuit court action under § 12.217 II "shall be in addition to pursuing the procedures and seeking the remedies set forth" in the other sections of the subtitle. In light of these provisions, the conclusion is inescapable that the local legislative body intended that one could bring an action under § 12.217 II without invoking and exhausting the alternate administrative remedy provided for elsewhere in the subtitle. *See generally, Md.–Nat'l Cap. P. & P. Comm'n v. Crawford,* 307 Md. 1, 19–21, 511 A.2d 1079 (1986).

▪ Nevertheless, the circuit court's dismissal of Count II of Sweeney's complaint must be affirmed on the ground that subsections 12.217 II and 12.217 III of the Howard County Code are invalid in light of our recent decision in *McCrory Corp. v. Fowler, supra.* In that case, we held that a Montgomery County ordinance, substantially the same as § 12.217 of the Howard County Code, was invalid under Art. XI–A of the Maryland Constitution. The holding in the *Fowler* case is dispositive of Count II of Sweeney's complaint.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO AFFIRM IN PART AND REVERSE IN PART THE JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY, AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE EQUALLY DIVIDED.