**In re Clift C. LANE; Dorothy P. Lane, Debtors.**

**Clift C. LANE, Plaintiff–Appellant,**

v.

**William B. SULLIVAN, Defendant–Appellee.**

**No. 92–1939.**

United States Court of Appeals, Fourth Circuit.

Argued March 3, 1993.

Decided April 12, 1993.

---

Raymond Thomas Mundy, Monsey, NY, for plaintiff-appellant.

Keith Watson Vaughan, argued (William B. Sullivan, Thomas D. Schroeder, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, on brief), for defendant-appellee.

Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

Clift C. Lane appeals the district court's dismissal of his appeal of a final bankruptcy decree. This appeal is the latest in a long line of actions in which Lane has alleged some type of fraud or improper conduct in the bankruptcy sale of a poultry operation he once owned. The appellee here is William B. Sullivan, Lane's former attorney. In previous actions, Lane has sued the members of a Special Panel appointed by the bankruptcy court to run Lane's former companies. Lane never has prevailed on these issues, and federal district courts have sanctioned him or his counsel on three occasions for persisting in making these same arguments. We find this appeal to be both frivolous and sanctionable. Accordingly, we affirm the dis-

missal of Lane's claim but remand for the calculation of an appropriate amount of sanctions.

appeals only the district court's dismissal of his appeal.

## I.

This appeal stems from a Chapter 11 bankruptcy filed on behalf of Lane and his poultry operation, the Lane Companies, by Sullivan in 1982. Under a 1984 plan of reorganization, the bankruptcy court appointed a Special Panel to assist Lane in the running of the companies and to take over operations in the event of a default. Such default occurred in 1985. The Special Panel assumed control of the Lane Companies, and Lane and his wife gave up all interest in them. Lane Companies stock was placed in a trust to benefit employees, with the Special Panel members as trustees. Also in 1985, Sullivan ceased his representation of Lane personally, although he remained counsel for the Lane Companies.

In 1986, after restoring the companies to financial stability, the Special Panel sold them to Tyson Foods, Inc. for $35 million. This sale became the subject of Lane's series of lawsuits, including this appeal, brought in an attempt to recover some of that money. In each action, Lane has claimed some type of inappropriate behavior by either the Special Panel members or his attorneys in the sale of Lane Companies stock to Tyson. He has lost every time. *See, e.g., Lane v. Peterson*, 851 F.2d 193 (8th Cir.1988); Memorandum Opinion below at J.A. 36 n. 2 (collecting cases).

In his ongoing capacity as counsel for the Lane Companies, Sullivan eventually moved for entry of a final decree by the bankruptcy court. On August 21, 1991, a final decree was entered, supposedly ending the bankruptcy proceeding. Twenty-one days later, however, Lane filed a notice of appeal in which he renewed his claims against the Special Panel members and his former lawyers. The district court dismissed Lane's appeal as untimely and for failing to raise the appealed issues before the bankruptcy court. The district court also found the appeal frivolous, and sanctioned Lane and his attorney, Raymond T. Mundy, in the amount of $23,643.80. Lane

## II.

We affirm the dismissal of the action. None of Lane's arguments on appeal have merit. Lane maintains his appeal below was timely because he filed it only four days after he learned of the final order. He asserts that the bankruptcy court knew of these issues because he informed the bankruptcy administrator and judge of them by letter. Lane further argues that res judicata and collateral estoppel do not apply in this case because of the egregiousness of the alleged misconduct by Special Panel members.

We find these arguments meritless. First, Lane appealed the bankruptcy court's final decree twenty-one days after it was filed. Federal Rule of Bankruptcy Procedure 8002(a) allows ten days to bring such appeals. Even if Lane had made a showing of "excusable neglect" for a late filing, which he certainly did not, he would have had only twenty days to appeal, and he took twenty-one. Fed.R.Bankr.P. 8002(c).

Second, Lane never raised before the bankruptcy court the issues he asserted on appeal. Despite litigating claims against the Special Panel since 1986 and Sullivan since 1987, Lane never made any allegations of fraud or inappropriate conduct against them in bankruptcy court until his notice of appeal. With this failure, Lane waived any right to have such issues heard on appeal. *See In re Arnold*, 869 F.2d 240, 244–45 (4th Cir.1989).

Third, we agree with the district court's observation that even had Lane's claims been timely and properly presented, res judicata and collateral estoppel would bar them. *See United States v. Tatum*, 943 F.2d 370, 381 (4th Cir.1991). These same issues already have been decided against Lane in other federal courts, and regardless of Lane's estimation of the behavior of the Special Panel or his lawyers, those judgments are binding.

### III.

■ Further, the lack of any underlying substantiality in this appeal, and the fact that these issues already have been raised many times before, compel us to sanction Mr. Lane and his counsel, Mr. Mundy. As the district court noted:

> By casting this lawsuit as a bankruptcy appeal, Lane attempts to relitigate issues that have been decided against him by the United States District Court for the Western District of Arkansas and affirmed by the United States Court of Appeals for the Eighth Circuit. These courts concluded that there was no fraud, inequitable conduct, or breach of fiduciary duty by the Special Panel in acquiring the stock of the Lane Companies or distributing the proceeds from its sale.... The Lanes were collaterally estopped from asserting legal malpractice claims against Sullivan arising from the same stock transfers....
>
> Lane has had several opportunities to litigate claims arising from the transfer and sale of Lane Company stock, and has never prevailed. Thus, his appeal asserting the same or similar grounds for overturning the final decree of the Bankruptcy Court is frivolous.

This characterization is quite correct. It also applies to Lane's present appeal.

■ Accordingly, we ˙ sanction Lane and his counsel, Mr. Mundy, for filing a frivolous appeal before this court. Fed. R.App.P. 38. We believe, however, that a factfinder can better determine the appropriate amount of sanctions that Lane and Mundy should pay. Thus, we remand the case to the district court for the sole purpose of identifying an amount of sanctions consistent with the factors outlined in *In re Kunstler,* 914 F.2d 505, 523–25 (4th Cir. 1990) (listing (1) reasonableness of the opposing party's attorneys' fees; (2) the minimum necessary to deter further abuses; (3) the sanctioned party's ability to pay; and (4) the severity of the violation). We note that a court may increase a sanction if a party has previously been sanctioned, as both Mr. Lane and Mr. Mundy have. *Id.* at 525.

### IV.

For the reasons given above, we affirm the district court's judgment and remand the case to the district court with instructions to determine an appropriate sanction on Mr. Lane and Mr. Mundy for bringing this appeal.

*AFFIRMED AND REMANDED WITH INSTRUCTIONS.*