640 A.2d 217

**CONSUMER PROTECTION DIVISION**

v.

**LUSKIN'S, INC.**

No. 801, Sept. Term, 1993.

Court of Special Appeals of Maryland.

April 27, 1994.

John Nethercut, Asst. Atty. Gen., argued (J. Joseph Curran, Jr., Atty. Gen. and Rebecca Bowman, Asst. Atty. Gen., on the brief), Baltimore, for appellant.

Thomas M. Wood, IV, argued (Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., on the brief), Baltimore, for appellee.

Argued before ALPERT, FISCHER and MURPHY, JJ.

ALPERT, Judge.

Appellant, the Consumer Protection Division of the Office of the Attorney General ("the Division") appeals from a declara-

tory judgment entered in favor of appellee, Luskin's, Inc. ("Luskin's") in the Circuit Court for Harford County.

The Division asks:

I. Did the lower court abuse its discretion by issuing a declaratory judgment, when a pending administrative enforcement action between the same parties would resolve the same legal issue?

II. Did the lower court err in declaring that § 13–305(b) prohibits only notices delivered to specific individuals and not general advertising to the public, and that Luskin's offer of airfare certificates to consumers who bought $200 or more of merchandise from Luskin's is not a thing of value, such as a prize or award, conditioned upon the purchase of other goods?

III. Did the lower court abuse its discretion and err in declaring that Luskin's proposed advertisement was not unfair or deceptive on its face so as to violate Title 13 of the Maryland Code Annotated, when such a declaration did not terminate any uncertainty or controversy, considered only one possible violation, and erroneously applied the facts and law before it to the proposed advertisement?

We answer the first question in the affirmative and, therefore, reverse without reaching the remaining questions.

### Facts and Proceedings

During the summer of 1992, Luskin's placed advertisements in Maryland newspapers that stated, "FREE AIRFARE FOR TWO TO FLORIDA, THE BAHAMAS OR HAWAII.... Buy An Appliance, TV, Stereo, VCR, or any Purchase over $200 And You'll Get A Big Gift for Two (Round Trip Airfares)." Similar advertisements aired on television, one of which included the following language: "Ready for a great vacation? Luskin's has free airfare for two with every $200 purchase to Florida, $300 to the Bahamas, $400 to Hawaii. Luskin's, the cheapest guy in town." Both the television and print advertisements included the statement, "Minimum Hotel Stay Required. See store for details." The newspaper adver-

tisements additionally stated, "Vacation Premium Offered Through Vacation Ventures, Inc., which is not affiliated with Luskin's.... Because of Participation by National Companies, Prior Sales do Not Qualify for Free Airfare Offer. Applicable Taxes Apply. See Store for Details."

By letter dated July 27, 1992, the Division notified Cary Luskin, the president of Luskin's, that the vacation promotion appeared to violate section 13–305 of the Maryland Consumer Protection Act. Md.Ann.Code, (1990 Repl.Vol.) § 13–305, Com.Law Article. Section 13–305 provides, in part,

> (b) *Prohibition.*—A person may not notify any other person by any means, as part of an advertising scheme or plan, that the other person has won a prize, received an award, or has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services, pay any money to participate in, or submit to a sales promotion effort.

*Id.* § 13–305(b). The Division requested that Luskin's discontinue these advertisements. Luskin's complied with this request.

On August 17, 1992, Luskin's presented to the Division a new proposal for an advertising campaign, which is the subject matter of this case. The proposed advertisement showed a picture of an airplane and stated, "plus ... AIRFARE & VACATION CERTIFICATE For Two TO FLORIDA, THE BAHAMAS OR HAWAII INCLUDED WITH ANY PURCHASE OF $200 OR MORE!! Buy An Appliance, TV, Stereo, VCR, or any Purchase over $200 And You'll Get Two Round Trip Airfare/Vacation Certificates." The proposed advertisement contained the following additional disclosures that had not been included in the previous advertisement: "Minimum Hotel Stay Required At Nationally Recognized Properties At Reasonable, Published Rates"; "Trip Does Not Require Any Promotional Presentations or Real Estate Sales Visits"; and "ESTIMATED RETAIL VALUE of this certificate for two people ranges from $479 to $1,454 depending upon departure city, destination and season." The Division

advised Luskin's that the proposed advertising campaign would also violate section 13–305 of the Consumer Protection Act and threatened legal action if Luskin's went forward with the campaign. Luskin's has not published the proposed advertisement.

On September 11, 1992, Luskin's filed the action for declaratory judgment that is now before us on appeal. Luskin's contended that the proposed advertisement did not fall within the prohibition against notifying any other person that he "has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services." *Id.* § 13–305(b). Luskin's argued that the proposed advertisement did not offer a gift or prize and, thus, the advertisement was permissible under an exception to the prohibition. This exception, set forth in section 13–305(a)(3), provides: "Retail promotions, not involving the offer of gifts and prizes, which offer savings on consumer goods or services including 'one-cent sales,' 'two-for-the-price-of-one-sales,' or manufacturer's 'cents-off' coupons [are not prohibited under this section]." Luskin's requested that the circuit court declare that the proposed advertisement does not violate section 13–305 of the Consumer Protection Act. Additionally, Luskin's sought an order permanently enjoining the Division from interfering in any way with the proposed advertising campaign.

The Division filed a motion to dismiss the complaint for declaratory judgment on September 28, 1992. A civil statement of charges initiating the Division's administrative enforcement proceeding against Luskin's, also dated September 28, 1992, was included as an exhibit to the motion. The administrative proceeding was instituted in order to

restrain [Luskin's] from advertising and providing travel certificates to consumers in the course of selling other consumer goods and services, when the advertisements of the travel certificates misrepresent that they provide free airfare, fail to disclose the cost and terms and conditions of redeeming the certificates, and constitute an unlawful prize promotion, in violation of § 13–303, as defined in §§ 13–301 and 13–305 of the [Maryland] Consumer Protection Act.

The administrative case was based on the original advertising campaign by Luskin's and did not include any civil charges based on the proposed advertisement. Administrative Law Judge Melanie Vaughn ("ALJ") conducted a hearing in the administrative case on November 13, 1992. The Division issued its Final Decision and Final Order on September 21, 1993, enjoining Luskins, *inter alia,* from violating § 13–305.

On November 19, 1992, the circuit court held a hearing on the motion to dismiss the complaint for declaratory judgment and on the merits of the declaratory judgment action. In support of its motion to dismiss, the Division argued that the proposed advertisement was substantially similar to the previous advertisement; that the pending administrative action would address the same legal issue that was presented in the declaratory judgment action; and that, after termination of the administrative proceeding, the Division had broad power to fashion an administrative order to guide Luskin's in its future advertising campaigns. By Memorandum Opinion filed December 11, 1992, the circuit court denied the motion to dismiss, stating in support of its ruling,

> The administrative action in progress at the moment addresses itself to a past violation and not to an interpretation of a proposed action. Therefore, the validity of the proposed advertising campaign is not an issue in the existing enforcement proceedings.

* * * * * *

The principal issue before the Court is the interpretation of Section 13–305 [of the Consumer Protection Act] and not the determination of disputed questions of fact. Under these circumstances, we do not believe that the mere prospect that the proposed advertising campaign may be addressed in fashioning a remedy for a past violation justifies the dismissal of the declaratory judgment. In fact, it appears to us, that the Attorney General's filing of the enforcement action was an attempt to wrest control of the litigation and to require Luskins to go through an unnecessarily time consuming administrative process when the rele-

vant legal issue had already been properly placed before the Court by Luskin['s] complaint for declaratory judgment. For these reasons, the motion to dismiss will be denied.

During the hearing on the merits of the declaratory judgment action, exhibits were admitted and Mr. Luskin testified as to the operation of the proposed advertising campaign,

A customer would come in and decide to make a purchase at Luskin['s] normal selling prices. There was no premium added on to our prices for this. The customer would make [a] purchase. At the time of delivery, or in the event they took the purchase with them, they would be given a certificate. . . . The certificate would then be read by the customer and filled out by the customer, and sent in to Vacation Ventures, and the customer would have a choice . . . between . the Hilton, Sheraton, all national companies, and [would] send in [the] deposit, and give the Vacation Ventures people a choice of dates, and they could leave from any airport they wanted to.

The Division contended that the proposed advertisement violated section 13–305 because it offered, as a gift or prize, airfare and vacation certificates conditioned on the purchase of unrelated consumer goods. The Division also argued that the proposed advertisement did not disclose additional charges that consumers would be required to pay in order to redeem the airfare and vacation certificates.

On December 22, 1992, the circuit court issued an order, declaring that the proposed advertising campaign does not violate section 13–305 and is "not unfair or deceptive on its face and does not violate Title 13 of the Commercial Law Article of the Annotated Code of Maryland, but whether or not it is unfair and deceptive in its execution is not before the Court." This appeal followed.

### Declaratory Judgment

■ The Division contends that the circuit court should have dismissed the declaratory judgment action because it would not terminate the controversy between the parties and

because the same legal issue would be resolved in the Division's pending administrative enforcement action. We agree.

The declaratory judgment action at issue here concerned the validity, under the Maryland Consumer Protection Act, of a proposed advertising practice. The complaint for declaratory judgment alleged, *inter alia*, that the proposed advertisement did not fall within the Consumer Protection Act's prohibition against notifying any other person that he "has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services." Md.Ann. Code, § 13–305(b), Com.Law Article. Additionally, the complaint alleged that the proposed advertisement did not offer a gift or prize and, thus, the advertisement was permissible under an exception to the prohibition. *See id.* § 13–305(a)(3).

The applicable rule governing a declaratory judgment action is set forth in section 3–409 of the Maryland Annotated Code, Courts & Judicial Proceedings Article.

**§ 3–409. Discretionary relief.**

(a) *In general.*—[Except as to divorce or annulment of marriage], a court may grant a declaratory judgment or decree in a civil case, if it will serve to terminate the uncertainty or controversy giving rise to the proceeding, and if:

(1) An actual controversy exists between contending parties;

(2) Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation; or

(3) A party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it.

(b) *Special form of remedy provided by statute.*—If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a proceeding under this subtitle.

(c) *Concurrent remedies not bar for declaratory relief.*— A party may obtain a declaratory judgment of decree

notwithstanding a concurrent common-law, equitable, or extraordinary legal remedy, whether or not recognized or regulated by statute.

Md.Ann.Code, (1989 Repl.Vol.) § 3–409, Cts. & Jud.Proc. Article (omitting § 3–409(d), (e)).

■ Declaratory judgment is a discretionary form of relief that may be appropriate "if it will serve to terminate the uncertainty or controversy giving rise to the proceeding." *Id.* § 3–409(a). The principal issue before the circuit court in the declaratory judgment action was whether the proposed advertisement by Luskin's of travel certificates, in the course of selling other goods and services, would constitute a violation of section 13–305 of the Consumer Protection Act. The court was notified that the same legal issue was one of several issues that would be subject to the Division's authority to provide injunctive relief after the determination of the administrative action.[1] Thus, even after obtaining declaratory judgment in its favor as to the validity of the proposed advertisement, Luskin's could still be subject to an adverse administrative order enjoining the implementation of the proposed advertisement.

Under these circumstances, we conclude that the circuit court should not have granted declaratory judgment because it would not "serve to terminate the uncertainty or controversy giving rise to the proceeding." *Id.; see, e.g., Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 406, 347 A.2d 842 (1975) (holding that where the question to be resolved in the declaratory judgment action will be decided in a pending action, it is inappropriate to grant a declaratory judgment).

---

1. We note that the posture of these two proceedings allowed Luskin's to take the position before the circuit court that its previous and proposed advertisements were "[t]wo entirely different ads" and then, after obtaining a favorable ruling in that forum, take the contrary position before the ALJ that "[w]ith respect to the issue of whether § 13–305 is applicable, there is absolutely no difference between Luskin's first advertisements and Luskin's proposed second advertisement." Thus, Luskin's argued that the ALJ was bound by the circuit court's ruling.

## Primary Jurisdiction

 Additionally, we conclude that the doctrine of primary jurisdiction governs our consideration of the issues presented in this appeal. Under this doctrine, "where the claim is initially cognizable in the courts but raises issues or relates to subject matter falling within the special expertise of an administrative agency," courts should defer to the expertise of the agency. *Maryland–National Capital Park & Planning Comm'n v. Washington National Arena*, 282 Md. 588, 602, 386 A.2d 1216 (1978); *see also Bits "N" Bytes Computer Supplies, Inc. v. Chesapeake & Potomac Telephone Co.*, 97 Md.App. 557, 573–74, 631 A.2d 485 (1993); *Sugarloaf Citizens Assoc., Inc. v. Gudis*, 78 Md.App. 550, 561, 554 A.2d 434 (1989), *aff'd*, 319 Md. 558, 573 A.2d 1325 (1990). An important rationale behind the primary jurisdiction doctrine is the need to protect "the uniformity and integrity of the regulatory scheme." *Washington National Arena*, 282 Md. at 603, 386 A.2d 1216. In determining whether a court should defer to the expertise of an agency in a given case, Maryland courts have applied a law versus fact distinction originally expressed by the Supreme Court in *Great Northern Railway v. Merchants Elevator Co.*, 259 U.S. 285, 294, 42 S.Ct. 477, 480, 66 L.Ed. 943 (1922). Thus, if the issue presented is solely a question of law, a court need not defer to the expertise of an agency under the primary jurisdiction doctrine. *See, e.g., Washington National Arena*, 282 Md. at 602–03, 386 A.2d 1216; *see generally* 2 Am.Jur.2d *Administrative Law* § 793 (1962 & Cum.Supp. 1993).

In *Ramsay, Scarlett & Co. v. Comptroller*, 302 Md. 825, 837, 490 A.2d 1296 (1985), the Court of Appeals held that the question of whether a corporation may utilize a separate accounting method in calculating income tax was not "solely a question of law, involving no agency expertise," but rather was a question of the proper application of the law to the evidence of record. Additionally, the Court of Appeals has held that even where the facts of a case are undisputed, remand to an administrative agency for further proceedings may be required where "different inferences may be drawn from estab-

lished facts" or where the agency's "judgment must be exercised in the application of the law to the facts." *Friends School v. Supervisor of Assessments,* 314 Md. 194, 200, 550 A.2d 657 (1988).

The General Assembly enacted the Consumer Protection Act after determining that there was a need to "take strong protective and preventive steps to investigate unlawful consumer practices, to assist the public in obtaining relief from these practices, and to prevent these practices from occurring in Maryland." Md.Ann.Code, § 13–102(b)(3), Com. Law Article. The Division has authority to "[f]urther define unfair or deceptive trade practices." *Id.* § 13–204(12)(ii). Additionally, the courts have recognized that the Division has "the expertise to determine whether advertisements have the capacity to deceive or mislead the public." *Consumer Protection Div. v. Consumer Publishing Co.,* 304 Md. 731, 770–71, 501 A.2d 48 (1985). We have previously held that, where a violation of the Consumer Protection Act has been proven, the Division has jurisdiction to enjoin future violations. *Consumer Protection Div. v. Outdoor World Corp.,* 91 Md.App. 275, 289–90, 603 A.2d 1376, *cert. denied,* 327 Md. 523, 610 A.2d 796 (1992); *see* Md.Ann.Code, §§ 13–303, 13–406, Com.Law Article.

In this case, the circuit court was asked to determine whether Luskin's proposed advertising practice violated section 13–305 of the Consumer Protection Act, which prohibits notifying any other person that he "has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services." *Id.* § 13–305(b). Additionally, the circuit court was asked to consider whether an exception to the prohibition allowing "[r]etail promotions, not involving the offer of gifts and prizes, which offer savings on consumer goods or services" applied to Luskin's proposed advertising practice. *Id.* § 13–305(a)(3).

Considering the Division's special competence in the area of defining unfair or deceptive trade practices, we hold that the circuit court should have deferred the consideration of the

validity of the proposed advertisement to the Division's expertise. The issue to be resolved in this case was not solely a question of law; it involved, *inter alia,* the validity of a proposed advertising practice under section 13–305 and possible inferences to be drawn from the facts concerning the proposed practice, within the context of the policy of the Consumer Protection Act. Thus, because the subject matter raised in this case falls within the special expertise of the Division, at least as an initial matter, the inferences to be drawn from the facts and the application of the law to those facts should be made by that agency in the first instance. Without the benefit of these factual inferences and the exercise of judgment by the agency, the record before the circuit court was incomplete. Thus, the declaratory judgment action must be dismissed and the declaratory judgment vacated.

DECLARATORY JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY WITH INSTRUCTIONS TO DISMISS COMPLAINT; COSTS TO BE PAID BY APPELLEE.