657 A.2d 788

**LUSKIN'S INC.**

v.

**CONSUMER PROTECTION DIVISION.**

**No. 90, Sept. Term, 1994.**

Court of Appeals of Maryland.

May 5, 1995.

Thomas M. Wood, IV (Cynthia L. Leppert, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., on brief), Baltimore, for petitioner.

John H. Nethercut, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., Rebecca Bowman, Asst. Atty. Gen., on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL, RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired) Specially Assigned.

KARWACKI, Judge.

■ We issued a writ of certiorari in this case to consider whether the Circuit Court for Harford County erred in failing to dismiss a declaratory judgment action, otherwise properly before the court, because a state administrative agency had concurrent jurisdiction in the matter, and the case involved subject matter questions in the area of the agency's expertise. We shall hold that it did.

**I**

During the summer of 1992, Luskin's, Inc. ran newspaper and television advertisements (the past advertisements) in Maryland offering customers free airfare for two to various locations if the consumer made a certain minimum purchase of goods from Luskin's. On July 27, 1992, the Consumer Protection Division of Office of the Attorney General (the CPD) wrote to Luskin's, advising it that the advertisements violated Maryland Code (1975, 1990 Repl.Vol., 1992 Cum.Supp.), § 13–305[1] of the Commercial Law Article.[2]

The CPD met with Luskin's several times to discuss the advertisements. During this period of negotiations, Luskin's presented an advertisement to the CPD that it proposed to run in the future (the proposed advertisement). The proposed advertisement contained minor wording changes from the past advertisements, but it continued to offer the same airfare

---

1. Section 13–305(b) provides, in pertinent part:

   "A person may not notify any other person by any means, as part of an advertising scheme or plan, that the other person has won a prize, received an award, or has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services, pay any money to participate in, or submit to a sales promotion effort."

2. Unless otherwise indicated, all code citations are to the Consumer Protection Act in Title 13 of the Commercial Law Article.

certificate conditioned upon the same qualifying purchase. Based on this similarity, the CPD informally advised Luskin's that the proposed advertisement would also violate § 13–305.

On September 11, 1992, Luskin's filed a complaint for declaratory judgment in the Circuit Court for Harford County. Luskin's sought a declaration that the proposed advertisement did not violate § 13–305 and an injunction prohibiting the CPD from interfering with its use of that advertisement.

On September 28, 1992, the CPD filed an administrative enforcement action against Luskin's. The CPD charged that the past advertisements contained misrepresentations and omissions of material facts as defined in § 13–301(1), (3) and (9),[3] and prohibited by § 13–303,[4] and involved an unlawful prize promotion under § 13–305. The CPD sought injunctive relief, to prohibit Luskin's from violating §§ 13–303 and 13–305, and restitution for aggrieved consumers.

Also, on September 28, 1992, the CPD moved to dismiss the declaratory judgment action. The CPD advised the court, *inter alia:* 1) that the past and proposed advertisements were

---

**3.** Section 13–301 provides, in pertinent part:

"Unfair or deceptive trade practices include any:

"(1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

\*     \*     \*     \*     \*     \*

"(3) Failure to state a material fact if the failure deceives or tends to deceive;

\*     \*     \*     \*     \*     \*

"(9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:

"(i) The promotion or sale of any consumer goods, consumer realty, or consumer service[.]"

**4.** Section 13–303 provides, in pertinent part:

"A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in:

"(1) The sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services[.]"

identical in all material respects; 2) that the CPD had filed the administrative enforcement action against Luskin's; and 3) that the same § 13–305 issue was present in both cases.

Administrative Law Judge Melanie Vaughn (the ALJ) heard the enforcement action on November 13 and December 8, 1992.[5] The ALJ then reserved her decision pending post-hearing briefing.

On November 19, 1992, the circuit court began a hearing on the declaratory judgment action and the CPD's motion to dismiss.[6] On December 11, 1992, the court issued a memorandum opinion denying the CPD's motion to dismiss and declaring that the proposed advertisement did not violate § 13–305. On December 22, 1992, the court entered a declaratory judgment consistent with that opinion. The CPD noted an appeal to the Court of Special Appeals, arguing, *inter alia*, that the circuit court erred in denying CPD's motion to dismiss.

On May 18, 1993, the ALJ issued her decision in the administrative enforcement action. She concluded that the past advertisements did violate the Consumer Protection Act. Luskin's filed exceptions to the ALJ's decision.

On September 21, 1993, the CPD issued its final order, confirming the ALJ's conclusion that the past Luskin's advertisements misrepresented that consumers would receive free airfare tickets, and failed to clearly and unambiguously disclose the cost, terms, and restrictions of the airfare certificates, in violation of §§ 13–301(1), (3) and (9) and 13–303. The order also confirmed the ALJ's finding that the past advertisements constituted an unlawful promotion under § 13–305 because Luskin's offered the airfare certificates as a prize conditioned on the purchase of unrelated merchandise. The order

---

**5.** All evidence in the hearing was presented on November 13. Luskin's asked for a continuance to enable it to present additional testimony. That continuance was granted, but on December 8, Luskin's decided not to present any additional testimony, and the hearing was concluded.

**6.** This hearing commenced after all the evidence had been received in the administrative hearing. *See supra* note 5.

included injunctive relief and a claims process to determine the relief due consumers.

On September 21, 1993, Luskin's sought judicial review of the CPD's order to the Circuit Court for Harford County. The circuit court stayed the administrative order pending the appeal by the CPD from the declaratory judgment, and stayed the judicial review of the administrative enforcement action, pending the final resolution of this appeal.[7]

On April 27, 1994, the Court of Special Appeals reversed the circuit court's granting of the declaratory judgment, holding that the circuit court should have granted the CPD's motion to dismiss. *Consumer Protection Div. v. Luskin's, Inc.*, 100 Md.App. 104, 640 A.2d 217 (1994). The intermediate appellate court vacated the judgment of the Circuit Court for Harford County and remanded the case to that court with instructions to dismiss the action. We agree and shall affirm the judgment of the Court of Special Appeals.

## II

The Court of Special Appeals and the respondent rely on the doctrine of primary jurisdiction to support the conclusion that failure to dismiss the petitioner's declaratory judgment action was an abuse of discretion. We have explained that

"the doctrine of primary jurisdiction ... is a judicially created rule designed to coordinate the allocation of functions between courts and administrative bodies. The doctrine is not concerned with subject matter jurisdiction or the competence of a court to adjudicate, but rather is predicated upon policies of judicial restraint: 'which portion of the dispute-settling apparatus—the courts or the agencies— should, in the interests of judicial administration; first take the jurisdiction that both the agency and the court have.' It comes into play when a court and agency have concurrent jurisdiction over the same matter, and there is no statutory

---

7. Oral arguments in the judicial review of the administrative enforcement action have since been scheduled for July 19, 1995.

provision to coordinate the work of the court with that of the agency.

\* \* \* \* \* \*

"[P]rimary jurisdiction is relevant only ... where the claim is initially cognizable in the courts but raises issues or relates to subject matter falling within the special expertise of an administrative agency."

*Maryland–National Capital Park & Planning Comm'n v. Washington National Arena*, 282 Md. 588, 601–02, 386 A.2d 1216, 1225–26 (1978) (citations omitted).

Luskin's argues that the doctrine of primary jurisdiction does not apply in this case because a.) there were no disputed facts in the declaratory judgment action; b.) § 13–407 of the Commercial Law Article makes the doctrine inapplicable to the CPD; c.) the CPD was a party to the declaratory judgment action; and d.) there was no concurrent jurisdiction due to the CPD's lack of authority to address *future* advertising and the lack of any administrative remedy from an adverse informal opinion of the CPD.

a.

We disagree with the assertion that there were no disputed facts in this case. There was, *inter alia*, the question of similarity between the past and present advertisements and the question of the deceptiveness of the advertisements. Luskin's argues that these are purely legal issues, but, at a minimum, they clearly contain factual elements. Even where the facts are undisputed, however, a remand to the agency may be required where different inferences may be drawn from those facts or where the agency's judgment must be exercised in applying the law to the facts. *See Friends School v. Supervisor of Assessments*, 314 Md. 194, 200, 550 A.2d 657, 660 (1988); *Ramsay, Scarlett & Co. v. Comptroller of the Treasury*, 302 Md. 825, 837–38, 490 A.2d 1296, 1302–03 (1985); *see also State Admin. Bd. of Election Laws v. Billhimer*, 314 Md. 46, 62, 548 A.2d 819, 827 (1988) ("we are mindful that the heart of the fact-finding process often is the drawing of

inferences from the facts"). Whether or not there were disputed facts in this matter before the circuit court is not dispositive as to whether the primary jurisdiction doctrine should have been applied. We find that the mere nature of this dispute indicates the need for the interpretation of the facts and the application of the law to the facts to be done, in the first instance, by the agency with special expertise in the area, the CPD.

b.

■ Section 13–407 of the Commercial Law Article provides:

"If a person is aggrieved by an order or decision of the Division, he may institute any appropriate proceeding he considers necessary."

Luskin's argues that the Legislature intended by this section to grant exclusive jurisdiction to the circuit court to entertain declaratory judgment actions against the CPD, and that the primary jurisdiction doctrine is therefore inapplicable. We do not agree with this conclusion. While the CPD does not dispute that the circuit court had proper subject matter jurisdiction over the declaratory judgment action,[8] the CPD argues that it also has subject matter jurisdiction over matters arising under the Consumer Protection Act. We agree, as the CPD's jurisdiction is clearly evidenced by numerous provisions of the Consumer Protection Act. See, e.g., §§ 13–204 and 13–205 (defining the broad powers and duties of the CPD including, inter alia, receiving complaints, initiating investigations, settling consumer protection matters, issuing cease and desist orders, assessing costs of investigations, adopting rules and regulations, and exercising "any other function, power, and duty appropriate to protect and promote the welfare of consumers"). Thus the CPD and the courts have concurrent

---

8. We note, however, that it is not clear from the language of § 13–407 whether the *informal* decision of the CPD on the proposed ad is covered by "order or decision of the Division" such that Luskin's could rely on this section to establish the circuit court's jurisdiction.

jurisdiction, and this is precisely the situation for which the primary jurisdiction doctrine was created to coordinate. *See Maryland–National Capital Park & Planning Comm'n, supra.* There is no conflict between § 13–407 of the Commercial Law Article and the primary jurisdiction doctrine, nor does § 13–407 divest the CPD of jurisdiction, in consumer protection matters, in favor of the courts.

### c.

Luskin's next argues that the primary jurisdiction doctrine is inapplicable in this case because the CPD was a party to the declaratory judgment action and had the opportunity to express its expertise to the court. We discern no merit in this contention. This argument completely ignores the fact that the purpose of the primary jurisdiction doctrine is to determine, in the first instance, whether the agency or the court is the proper forum to render a decision on the issue. To support its position, Luskin's cites two cases in which the primary jurisdiction doctrine was invoked to dismiss a circuit court action: *Sugarloaf Citizens Ass'n, Inc. v. Gudis,* 78 Md.App. 550, 554 A.2d 434 (1989), *aff'd,* 319 Md. 558, 573 A.2d 1325 (1990) and *Sweeney v. Hartz Mountain Corp.,* 78 Md. App. 79, 552 A.2d 912 (1989), *aff'd in part, rev'd in part on other grounds,* 319 Md. 440, 573 A.2d 32 (1990). While the agencies involved in these cases were not parties to the circuit court actions, there is nothing in either opinion, or in any other opinion of this Court, to suggest that such absence is a prerequisite for applying the primary jurisdiction doctrine. We hold that an agency's participation in a court proceeding, whether initiated by another party or the agency itself, is not a bar to applying the primary jurisdiction doctrine. To hold otherwise would frustrate the purpose of the doctrine.

### d.

Finally, Luskin's argues that there was no concurrent jurisdiction, and therefore no reason to apply the primary jurisdiction doctrine, because the CPD had no authority to address *future* advertising and because Luskin's had no ad-

ministrative remedy available through which it could contest the CPD's informal opinion on the proposed advertisement. We disagree with both contentions. First, the CPD has the power to prohibit not only continued use of past advertisements but also *future* acts that involve the same violation or unlawful practice, *see, e.g., Consumer Protection Div. v. Consumer Publishing Co.,* 304 Md. 731, 739–40, 772–74, 501 A.2d 48, 52–53, 69–70 (1985), and this power is not violative of the First Amendment because the First Amendment does not protect commercial speech that is false, deceptive or misleading. *See, e.g., In re R.M.J.,* 455 U.S. 191, 202, 102 S.Ct. 929, 937, 71 L.Ed.2d 64, 73–74 (1982); *Consumer Publishing Co.* at 773, 501 A.2d at 70. Second, Luskin's chose to seek an informal opinion from the CPD. While there is no statutory provision for judicial review of such an informal opinion, that does not mean that Luskin's had no administrative remedy. Luskin's could have sought a declaratory ruling from the CPD pursuant to Md.Code (1984, 1993 Repl.Vol.), § 10–305(c) of the State Government Article which provides that

"[a] declaratory ruling under this section is subject to review in a circuit court in the manner that Subtitle 2 of this title provides for the review of a contested case."

Had that ruling been adverse, Luskin's could have appealed.

### III

The CPD also contends, and the Court of Special Appeals agreed, that under § 3–409 of the Courts and Judicial Proceedings Article, the circuit court erred in refusing to dismiss the declaratory judgment action because the action would not terminate the controversy between the parties and because the same issue would be resolved in the pending administrative action. We will not address this issue as our holding with respect to the primary jurisdiction doctrine makes such a discussion unnecessary; however, in response to this argument, Luskin's urged this court to place significance on the fact that the administrative action in this case was filed after the declaratory judgment action. We note that this fact is irrelevant in the context of the primary jurisdiction doc-

trine. . This Court has previously invoked the primary jurisdiction doctrine where the proper administrative action had not been filed at all. *See, e.g., Clinton v. Board of Education,* 315 Md. 666, 556 A.2d 273 (1989).

## IV

Proceeding with the declaratory judgment action in this case was improper and a waste of judicial resources resulting in conflicting judgments and multiple appeals. We find that failure to grant the CPD's motion to dismiss the declaratory judgment action was an abuse of the circuit court's discretion because application of the primary jurisdiction doctrine required the dismissal.

*JUDGMENT AFFIRMED, WITH COSTS.*