### In re LUSKIN'S, INC.

**CONSUMER PROTECTION DIVISION, OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, Appellant,**

v.

**LUSKIN'S, INC., Appellee.**

**Civ. A. No. MJG–97–1937.**

United States District Court,
D. Maryland.

Aug. 25, 1997.

**108**

J. Joseph Curran, Jr., John Nethercut, Philip Ziperman, Office of the Attorney General of the State of Maryland, Consumer Protection Division, Baltimore, MD, for Appellant.

Howard A. Rubenstein, Adelberg, Rudow, Dorf, Hendler & Sameth, L.L.C., Baltimore, MD, and Thomas M. Wood, IV, Neuberger, Quinn, Gielen, Rubin & Gibber, Baltimore, MD, for Appellee.

### DECISION ON APPEAL

GARBIS, District Judge.

The Court has before it Appellant Consumer Protection Division, Office of the Attorney General of the State of Maryland's appeal from a decision issued by the Bankruptcy Court of the District of Maryland dated May 5, 1997 declining to lift an automatic stay and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary.

### I. BACKGROUND

During the summer of 1992, Appellee Luskin's, Inc. ("Luskin's"), a retail seller of consumer electronic and household goods and services, ran television and newspaper advertisements throughout Maryland representing that it was providing: "Free Airfare for two to Florida, the Bahamas, or Hawaii." To be eligible for the free airfare, an individual had to purchase at least $200 of goods from Luskin's. The ad further provided: "Minimum hotel stay required. See store for details."[1]

On July 27, 1992, the Consumer Protection Division ("CPD") notified Luskin's that the ad appeared to violate the Maryland Consumer Protection Act, *see* Md.Code Ann., Com. Law II, § 13–101 *et. seq.*, and requested that Luskin's discontinue using the ad no later than August 3, 1992. On July 30 and 31, counsel for Luskin's met with representatives of the Consumer Protection Division to discuss the ad. According to Luskin's, the Consumer Protection Division told Luskin's that if it did not stop running the ad, the CPD would file an administrative enforcement action against it. Luskin's stopped running the ad believing that no administrative enforcement action would be filed if it did so.

On August 17, 1992, Luskin's presented a proposed new ad to the Consumer Protection Division for its review and approval. The Consumer Protection Division told Luskin's that the proposed ad violated the Consumer Protection Act and that it would take enforcement action against it if Luskin's ran the ad.

On September 11, 1992, Luskin's filed a Declaratory Judgment action in the Circuit Court for Harford County in an effort to resolve the legality of the proposed ad. On December 11, 1992, the Circuit Court for Harford County issued an opinion granting a Declaratory Judgment that Luskin's proposed ad was not unfair or deceptive on its face and that it did not violate the Consumer

---

1. Plaintiff explains that "[c]onsumers who chose to utilize the Vacation Ventures certificates indeed received free airfare. They still needed to pay a set per-night hotel rate for a set period of time, but as long as they paid for the hotel, the airfare would, as promised, be free." Brief of Appellee Luskin's, Inc. at 4.

Protection Act. The Maryland Court of Special Appeals vacated the Circuit Court's judgment on procedural grounds. *See Consumer Protection Div. v. Luskin's, Inc.,* 100 Md. App. 104, 640 A.2d 217 (1994), *aff'd* 338 Md. 188, 657 A.2d 788 (1995).

On September 28, 1992, the Consumer Protection Division filed an administrative enforcement action against Luskin's charging that its advertising campaign (i.e., the original ad) violated the Maryland Consumer Protection Act. On September 21, 1993, the Consumer Protection Agency (the "Agency") issued a final administrative Decision and Order. The Agency found that Luskin's did not provide free airfare tickets to qualifying purchasers. Rather, the Agency found that Luskin's provided consumers with an application for a travel package pursuant to which the consumer had to pay hundreds of dollars to obtain the "free" travel. The Agency found that Luskin's had violated various sections of the Consumer Protection Act. The Final Order issued by the Agency granted injunctive relief (prohibiting Luskin's from using similar advertising tactics in the future) and provided that consumers who had relied on the ad and who had made qualifying purchases were entitled to receive the promised airfare tickets or the ticket's cash equivalent.

On September 21, 1993, Luskin's appealed the Agency's Final Decision and Order to the Circuit Court for Harford County. The Circuit Court issued a Memorandum Opinion on December 16, 1996, and an Order on January 3, 1997. The Circuit Court's Order held that the Agency's Final Decision and Order were stricken, vacated, and deemed a nullity. Judge Whitfill stated:

All of the evidence in this case points to an accord and satisfaction as between Luskin's and the Division. The Division made its demand upon Luskin's to stop running the summer advertising campaign. The Division has the right to enter into such agreements with business interest[s]. The filing of the enforcement action was in retaliation for Luskin's pursuing a future advertising campaign of a different nature not in Luskin's refusal to comply with the Division's demands that they cease the Summer 1992 advertising campaign.

Circuit Court's Order of January 3, 1997.

On January 22, 1997, the Consumer Protection Division appealed the Circuit Court's ruling to the Maryland Court of Special Appeals. The appeal is pending and oral argument is scheduled to be held no later than October 17, 1997.

On February 13, 1997, Luskin's filed for Chapter 11 bankruptcy in the Bankruptcy Court. On February 17, 1997, Luskin's filed a "Notice of Filing of Case in Bankruptcy Court" with the Court of Special Appeals. The Consumer Protection Division asserted a Proof of Claim in the Bankruptcy Court for $500,000 and sought damages from Luskin's in the form of free airfare or its cash equivalent.

On March 3, 1997, the Consumer Protection Division filed a "Motion for Determination that Automatic Stay is not Applicable or for Relief from Stay" (the "Stay Motion"). On April 4, 1997, the Bankruptcy Court held a hearing on the Stay Motion. The Bankruptcy Court modified the automatic stay of 11 U.S.C. § 362 to allow the Consumer Protection Division to proceed with its appeal to the Maryland Court of Special Appeals on the issues relating to liability and injunctive relief. The Bankruptcy Court further stated:

The automatic stay of Section 362(a) of the Bankruptcy Code shall remain in full force and effect as to any issues regarding the determination of the Consumer Protection Division's monetary claim against the Debtor, if any, if the case is ever remand for such a determination, and this Court shall retain jurisdiction in connection therewith.

Order Modifying Automatic Stay, May 5, 1997.

On May 14, 1997, the Consumer Protection Division appealed the Bankruptcy Court's Order to this Court. The following three issues are before this Court on appeal:

1. Whether the Bankruptcy Court erred by ruling that the Consumer Protection Division's enforcement action was not exempt from the automatic stay;

2. Whether the Bankruptcy Court erred by not lifting the automatic stay for cause; and

3. Whether the decision to award restitution for violations of the Maryland Consumer Protection Act is an issue of state law that the Bankruptcy Court should have abstained from deciding.

## II. *LEGAL STANDARD*

■ When a District Court reviews a Bankruptcy Court's decision to decline to lift an automatic stay, the District Court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo,* whereas findings of fact may be set aside only if the bankruptcy judge abused his discretion. *See Frederick County Nat'l Bank v. Lazerow,* 139 B.R. 802, 804 (D.Md.1992) (stating that "the law is well settled that the bankruptcy court's determination on whether to lift the automatic stay will be overturned only upon a showing of abuse of discretion")

## III. *DISCUSSION*

■ The Automatic Stay provision of the Bankruptcy Code provides that a petition of bankruptcy operates as a stay of:

the commencement or continuation ... of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a). Section 362(b)(4) provides that an automatic stay under section 362(a) is not applicable to "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). The legislative history of section 362(b)(4) provides courts with guidance in interpreting section 362(b)(4). Congress stated that subsection (b)(4)

[is] to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety, and not to apply to actions by a governmental unit to protect a pecuniary

interest in property of the debtor or property of the estate.

124 Cong.Rec. 32,392, 32,395 (1978). Moreover, the legislative history provides that

where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violations of such a law, the actions or proceeding is *not* stayed under the automatic stay.

H.R. Rep. 95–595, 95th Cong., 1st Sess. 342–3 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5838, 6299 (emphasis added).

In the case at bar, the Consumer Protection Division asserts that its enforcement action is an action to punish a past violation and prevent future violations of the consumer protection laws. Therefore, the Consumer Protection Division contends that its enforcement action fits plainly within the statutory exception to the automatic stay provided for by 11 U.S.C. § 362(b)(4). Luskin's argues that the exception to the automatic stay is not applicable in this case because the Consumer Protection Division is pursuing a pecuniary interest in Luskin's property by attempting to adjudicate the private rights of the consumers affected by the ad and is not seeking to enforce its police or regulatory powers. For the reasons discussed below, the Court finds that the Bankruptcy Judge abused his discretion when he decided not to lift the automatic stay as it applied to the Consumer Protection Division's monetary claim against Luskin's.

In *Equal Employment Opportunity Comm'n v. McLean Trucking Co.,* 834 F.2d 398 (4th Cir.1987), the EEOC sued to enjoin violations of Title VII and the Age Discrimination in Employment Act and sought back pay for victims of discrimination. The Court of Appeals for the Fourth Circuit stated that the

EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its

prayer for monetary relief is reduced to judgment.

*McLean Trucking,* 834 F.2d at 402. Moreover, the Court stated that the "exemption of EEOC's enforcement actions against McLean from the automatic stay provision of § 362(a) 'vindicate[s] the public interest in preventing employment discrimination.'" *Id.* at 403 n. 9 (quoting *General Telephone Co. of the Northwest v. EEOC,* 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980)).

In the case at bar, in accordance with *McLean,* the Consumer Protection Division's enforcement action is a legitimate use of its police power and/or regulatory power even though it seeks to reduce a monetary claim to judgment.[2] When seeking restitution from Luskin's, the Consumer Protection Division is asserting more than a pecuniary interest of the State. In addition to halting unfair trade practices that violate the Maryland Consumer Protection Act, it is attempting to "implement the broader statutory purpose of protecting the public interest." *Consumer Protection Div. v. Consumer Publishing Co., Inc.,* 304 Md. 731, 501 A.2d 48, 73 (1986). The Maryland General Assembly stated that the Consumer Protection Division

> should take strong protective and preventative steps to investigate unlawful consumer practices, to assist the public in obtaining relief from these practices and to

prevent these practices from occurring in Maryland. It is the purpose of this title to accomplish these ends and thereby maintain the health and welfare of the citizens of the State.

Md.Code Ann., Com. Law II, § 13–102(b)(3). Accordingly, the Court concludes that the Bankruptcy Judge abused his discretion when he found that the Consumer Protection Division's attempt to obtain restitution (free airfare tickets or the cash equivalent) for the consumers who relied upon and made qualifying purchases pursuant to Luskin's ad campaign was solely an attempt to protect a pecuniary interest in Luskin's property for the benefit of Maryland consumers. Therefore, the Court finds that the Consumer Protection Division is entitled to have the automatic stay relating to its monetary claim lifted pursuant to § 362(b)(4).

Because the Court finds that the Consumer Protection Division is entitled to have the automatic stay lifted pursuant to § 362(b)(4), the Court need not determine whether automatic stay should be lifted pursuant to 11 U.S.C. § 362(d)(1) or whether the Bankruptcy Court should have abstained from deciding the issue of restitution pursuant to 28 U.S.C. § 1334(c)(1), (2).[3]

## IV. *CONCLUSION*

For the foregoing reasons, the decision of the United States Bankruptcy Court of the

---

**2.** Luskin's attempts to distinguish the case at bar from *McLean.* Luskin's argues that the court's holding in *McLean* should apply only to cases in which regulatory proceedings are brought by a federal agency seeking to enforce federal statutes and should not apply in cases where state agencies bring enforcement actions to enforce state laws. *See* Brief of Appellee Luskin's, Inc. at 4. This argument fails because the Bankruptcy Code defines "governmental unit" to include states and state agencies. *See* 11 U.S.C. § 101(27).

**3.** Luskin's contends that the Consumer Protection Division did not raise either of these issues in the Bankruptcy Court and that they may not be raised for the first time on appeal. *See Lane v. Sullivan,* 991 F.2d 105, 107 (4th Cir.1993). The Consumer Protection Division argues that both of these issues were presented to the Bankruptcy Court. For the reasons stated above, the Court need not resolve this dispute between the parties. However, the Court does note that this

may be the type of case where abstention would be appropriate for the following reasons. First, the Consumer Protection Division's right to restitution under the Maryland Consumer Protection Act is a question of state law which the Maryland state courts should resolve. Second, allowing the Court of Appeals to decide the restitution issue at the same time it decides the issues relating to liability and injunctive relief appears, to this Court, to be the most efficient use of judicial resources. Finally, even if the Consumer Protection Division obtains a judgment from the Court of Special Appeals, the judgment will not be enforced and will in no way interfere with the bankruptcy estate. *See* Reply Brief of Appellant at 9 (stating that "any concern held by either Luskin's or Judge Schneider that the Division would circumvent the bankruptcy process by requesting the Court of Special Appeals to liquidate the final amount of the claim or to enter a money judgment may be put to rest").

District of Maryland dated May 5, 1997, not to lift the automatic stay relating to the Consumer Protection Division's claim for monetary restitution from Luskin's shall be REVERSED.